**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| NOVAK, LLP<br>Hoyt Block Building, Suite 418<br>700 West St. Clair Avenue<br>Cleveland, Ohio 44113<br><br>    Plaintiff,<br><br>    v.<br><br>PROFESSIONAL SOLUTIONS INSURANCE COMPANY<br>14001 University Ave.<br>Clive, Iowa 50325<br><br>    Defendant. | Case No.:<br><br>Judge:<br><br><br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**(JURY DEMAND ENDORSED HEREON)** |

For its Complaint against Defendant Professional Solutions Insurance Company, Plaintiff Novak, LLP states and alleges as follows:

## I.    NATURE OF ACTION

1. This is a Declaratory Judgment Action pursuant to 28 USC §2201(a) and Federal Rule of Civil Procedure ("FRCP") 57 concerning the rights of the Plaintiff Novak, LLP, fka Novak, Pavlik & Deliberato, LLP ("Novak, LLP"), and of Defendant Professional Solutions Insurance Company ("PSIC") under a professional liability insurance policy, Policy #7044543, June 2, 2013 through June 2, 2014, issued to Novak, LLP.

## II.    PARTIES

2. Novak LLP is a limited liability partnership formed under the laws of the State of Ohio.

3. Defendant PSIC is an insurance company domiciled under the laws of the State of Iowa with its principle place of business in Clive, Iowa.

### III. JURISDICTION AND VENUE

4. Novak LLP is an Ohio LLP with its principal place of business in Ohio. Defendant, PSIC is domiciled under the laws of the state of Iowa and has its principal place of business in Clive, Iowa, so there is diversity of citizenship as provided in 28 USC 1332 (a) and the amount in controversy exceeds $75,000 exclusive of interest. The Court has personal jurisdiction over PSIC because it is licensed to sell insurance in the State of Ohio and transact business in the state of Ohio, and does in fact engage in the business of selling insurance in the State of Ohio.

5. Venue is proper in this district as the affected transaction and the events giving rise to this claim arose in this district. 28 USC 1391(b)(2).

### IV. FACTUAL BACKGROUND

6. PSIC issued a professional liability insurance policy, Policy # 7044543, to Plaintiff, effective June 2, 2013 through June 2, 2014, for claims made for legal malpractice ("Policy"). (See attached Exhibit 1, Policy of Insurance.) Plaintiff is the Named Insured on the Policy.

7. During the Policy's policy period, a claim for legal malpractice was filed against an associate-employee of Novak, LLP, Scott Perlmuter ("Perlmuter"), and against Novak, LLP, in the matter of *Skoda Minotti v. Novak, Pavlik & Deliberato, LLP*, Cuyahoga County Court of Common Pleas Case No. 810085. That claim was timely submitted to PSIC in accordance with the terms and conditions of the Policy. The Cleveland law firm of Gallagher Sharp was retained by PSIC to represent Novak, LLP and its associate not only

        on the claims of legal malpractice but on an expert witness fee matter arising out of the same representation.

8.     During the litigation of *Skoda Minotti*, and at the request of PSIC and/or its representatives, Perlmuter attended hearings, proceedings, and trial; all told, Perlmuter attended at least seven (7) days for attendance at hearings, proceedings, and trial.  During that time, Perlmuter was being compensated as an employee of Novak, LLP, such that Novak, LLP lost revenue as a result of its and its employee's attending hearings, proceedings, and trial, at PSIC's request, and lost revenue due to Perlmuter's absence from the office in that he was not engaging in his position as an associate of the firm.  Novak, LLP states that its lost revenue as a result of its and Perlmuter's attendance at hearings, proceedings and trial was at a minimum $750 each day, for a total minimum amount of $5,250.00.

9.     The Policy provides, in pertinent part:

### LAWYERS PROFESSIONAL LIABILITY POLICY

***

**Section III.  SUPPLEMENTARY PAYMENTS**

Although not **Damages, We** will pay, in addition to the applicable limit of liability:

1.     Up to $750.00 for loss of earnings to each **Insured** for each day or part of a day of such **Insured's** attendance, at **Our** request, at a trial, hearing, mediation or arbitration proceeding involving a **Claim** against such **Insured**, but in no event shall the amount payable hereunder exceed $15,000.00 per **Insured** despite the number of days the **Insured** is in attendance, or the number of trials, hearings or arbitration proceedings that the **Insured** is required to attend.

***

The deductible amount stated in the Declarations shall not apply to the Supplementary Payments described in this Section.

3

10. PSIC has failed to tender payment to Novak, LLP in accordance with the terms and conditions of Section III, Supplemental Payments, of the Policy.

11. At no time has PSIC paid to Plaintiff any amounts due and owing under Section III, Supplementary Payments, of the Policy.

12. In fact, Novak, LLP has put PSIC on notice that it should pay the amounts due and owing under Section III, Supplementary Payments, of the Policy, but PSIC has refused to make such payments.

13. There is no condition precedent triggering PSIC's obligation to tender payment under the Supplementary Payments provision of the Policy, except for Perlmuter's attendance, at PSIC's request, at hearings, trial and proceedings in *Skoda Minotti*.  All conditions precedent triggering PSIC's payment obligation have been met.

14. Under the terms of the Policy, Novak, LLP was allegedly obligated for a $10,000 deductible toward fees generated by Gallagher Sharp based upon PSIC's full performance under the terms of the Policy.

15. Due to Gallagher Sharp's inadequate representation, Novak, LLP refused to pay the balance of $10,000 in fees owed to Gallagher Sharp.

16. As a result of Novak, LLP's refusal to pay Gallagher Sharp's fees of $10,000, PSIC made payment to Gallagher Sharp and subsequently sought collection claiming that it was owed the deductible from Novak, LLP.

17. In July 2016, William Novak, managing partner of Novak, LLP, received a phone call from attorney Sean Sweeney who had been retained by PSIC to collect the deductible.  During that call Mr. Novak was told that Troy Miller, the claims representative who managed the

defense of Novak, LLP in *Skoda Minotti* for PSIC, "had it out" for Novak.[1] Notwithstanding the belief that Gallagher Sharp did an inadequate job, Mr. Novak offered $5,000 and later $7,500 to resolve the matter with PSIC before suit was filed, which PSIC rejected.

18. Following unsuccessful attempts to resolve the matter, PSIC filed suit in the Court of Common Pleas, Cuyahoga County, case caption, *PSIC v. Novak, LLP, et al.*, CV 16 867801.

19. After suit was filed in *PSIC v. Novak, LLP*, the cost of collection became an issue as Mr. Sweeney has, as of December 28, 2017, run up in excess of $60,000 in legal fees to collect a $10,000 deductible, which Novak, LLP attempted in good faith to resolve before suit was filed.

20. PSIC is using the collection lawsuit in a punitive manner to punish Novak, LLP for disagreeing with paying the deductible, as exhibited by the letters sent to Novak, LLP by Sweeney. (See attached Exhibit 2, collection letters from attorney Sean Sweeney).

21. PSIC has engaged in this conduct despite that it owes Novak, LLP supplemental payments in a minimum amount of $5,250 for Perlmuter's attendance at hearings, proceedings and trial in *Skoda Minotti*.

22. Indeed, as late as January 9, 2018, PSIC continues to maintain that it will not make any reasonable attempt to resolve the matter short of Novak, LLP paying not just the $10,000 deductible, but the ever-increasing claim for "collection costs", largely comprised of

---

[1] The phrase "had it out" is in quotes not because that was Mr. Sweeney's actual verbiage. To the contrary, the phrase "had it out" is in quotes because it is a euphemism for the actual phrase that Mr. Sweeney used to convey to Mr. Novak that Mr. Miller and PSIC were intending to punish him through litigating the deductible issue.

unreasonable, unnecessary and exorbitant costs and fees. (See attached Exhibit 3.) As the amount claimed as "collection costs" is ever increasing, upon information and belief as the time of this filing it is anticipated to be much higher than $60,751.50, which was the amount through December 28, 2017, and now likely nears or exceeds $70,000.00.

23. By way of example as to the obvious manner in which PSIC exacting a penalty on Novak, LLP, it retained Gallagher Sharp in the underlying legal malpractice matter – clearly a more complex matter than a simple collection case – at a tiered billing rate where the senior partner on the file was billing at $190.00/hour, with the associates billing at $175/hour and $155/hour; Mr. Sweeney, in *PSIC*, where $10,000 is in dispute, claims to be approved by PSIC to bill at $200.00/hour. By way of further example, PSIC has not paid anything but the original $2,000 retainer to Sweeney, with the balance of the claimed "collection costs" unpaid by PSIC. By way of further example, Mr. Sweeney has engaged in wasteful litigation tactics, such as conducting videotaped depositions of parties who live in Cuyahoga County, and conducting depositions of Mr. Pavlik and Mr. Deliberato – neither of whom had any substantive knowledge to be obtained as relates to PSIC's claims. By way of further example, Mr. Sweeney has employed an "expert" at a billing rate of $285.00/hour who allegedly will provide an opinion that his fees and expenses are "reasonable". In doing so, he is alleging that Novak, LLP is also responsible for the "experts'" fees. All of Mr. Sweeney's actions and tactics were reviewed and approved by PSIC as a measure to penalize Novak, LLP, and nothing more. That is, the tactics employed were not intended to do anything but promote and prolong the litigation, punish Novak, LLP, and prevent resolution of the claim.

24. The Policy, at Paragraph 5 of Section VII, Conditions, is void and unenforceable as a matter of law, in that it illegally and unreasonably attempts to limit the rights and ability of Novak, LLP to obtain declaratory relief arising out of a dispute as to the enforceability of certain provisions of the Policy.

25. Paragraph 5 of Section VII, Conditions, of the Policy is a boilerplate provision, drafted by PSIC, that was not negotiated at the time of application for or issuance of the Policy. Upon receipt of the Policy when issued, after Plaintiff had paid a portion of the premium, Plaintiff had to accept the Policy as drafted by PSIC without any choice to refuse certain terms and conditions that were illegal, unenforceable, overreaching, and plainly one-sided in favor of PSIC, such as Paragraphs 5 and 16 of the Section VII, Conditions, of the Policy.

26. The Policy provides, in pertinent part:

**LAWYERS PROFESSIONAL LIABILITY INSURANCE POLICY**

\*\*\*

**VII.   CONDITIONS**

\*\*\*

> 16. Deductible. In the event that the deductible is not paid by the **Insured** (or **Named insured**) within thirty (30) days of demand by **Us**, and **We** make payment to any party for those amounts otherwise due from the insured as a result of the deductible, the **Named Insured** agrees to reimburse **Us** for any and all additional outside expenses **We** incur in securing repayment of the deductible.

27. PSIC relies on Paragraph 16 of Section VII, Conditions, of the Policy to run up excessive legal bills having no relation to the ultimate outcome of collecting the deductible (or portion of it), other than to serve notice on Novak, LLP that it will be punished.

28. Paragraph 16 of Section VII, Conditions, of the Policy, was not subject to negotiation between Novak, LLP and PSIC at the time Novak, LLP submitted application for the Policy, nor at the time after the Policy was issued.

29. Paragraph 16 of Section VII, Conditions, of the Policy is a boilerplate provision drafted by PSIC that was included in the Policy only after Novak, LLP had submitted its application and paid a portion of the premium, and Plaintiff had no choice to disagree to its inclusion in the Policy. Upon receipt of the Policy when issued, Novak, LLP had to accept the Policy as drafted by PSIC without any choice to refuse certain terms and conditions that were illegal, unenforceable, overreaching, and plainly one-sided in favor of PSIC, such as Paragraph 16 of Section VII.

30. Defendant will continue to run up collection costs to punish Plaintiff.

### V.     CAUSES OF ACTION FOR DECLARATORY RELIEF

31. Novak, LLP repeats and realleges paragraphs 1 through 30 as if fully set forth here.

32. Section III, Supplementary Payments, of the Policy is enforceable and does not require any condition precedent other than the attendance of an "insured", at PSIC's request, at trial, hearings, mediation, or arbitration proceedings involving a "claim."

33. A justiciable controversy exists under 28 USC 2201(a) for this court to determine that in accordance with Section III, Supplementary Payments, of the Policy, PSIC is obligated to tender up to $750 for loss of earnings to Novak, LLP for reach day or party of day of its employee, Perlmuter's attendance, at PSIC's request, at trial, hearing, mediation or arbitration proceeding involving the *Skoda Minotti* claim.  Under 28 USC 2201(a) this Court has the power and authority to determine the parties' rights and obligations under Section III, Supplementary Payments, of the Policy.

34. PSIC continues to run up excessive legal bills having no relation to the ultimate outcome of collecting $10,000 other than to serve notice on Novak, LLP that it will be punished.

35. Paragraph 16 of Section VII, Conditions, of the Policy is a boilerplate provision in a contract of adhesion, drafted by PSIC and was in no way subject to negotiations between Novak, LLP and PSIC either at the time that the Policy was applied for or at the time it was issued.

36. Paragraph 16 of Section VII, Conditions, of the Policy is a unilateral, one-sided provision that favors only PSIC and promotes litigation.

37. Paragraph 16 of Section VII, Conditions, of the Policy is void as against public policy.

38. Paragraph 16 of Section VII, Conditions, of the Policy is unenforceable and contrary to law.

39. Paragraph 16 of Section VII, Conditions, of the Policy, has resulted in PSIC's retained counsel, Mr. Sweeney, purposefully, willfully, and maliciously engaging in excessive litigation conduct and activities, in order to inflate the "outside expenses" PSIC claims to have incurred, which activities and "outside expenses" bear no relationship to the potential outcome, are punitive, clearly excessive, patently unreasonable, and are a perversion of the legal process.

40. A justiciable controversy exists under 28 USC 2201(a) for this court to determine that Paragraph 16 of Section VII, Conditions, of the Policy is unenforceable and void as against public policy, thereby declaring the rights of the parties with respect to this provision of the Policy. Under 28 USC 2201(a) this Court has the power and authority to determine that Paragraph 16 of Section VII, Conditions, of the Policy is unenforceable and/or void as a matter of public policy so as to determine the parties' rights under the Policy.

WHEREFORE, Plaintiff Novak, LLP requests the following relief:

a. Concerning the request for declaratory relief as to the Section III, Supplemental Payments provision of the Policy, an order that Defendant PSIC is obligated to reimburse Novak, LLP in accordance with that provision for its and Perlmuter's attendance in *Skoda Minotti* at hearings, trial, and proceedings, up to $750.00 for each day or part of a day, for Novak, LLP's loss of earnings, for a total of $5,250.00.

b. Concerning the request for declaratory relief as to Paragraph 16 of Section VII of the Policy, an order that the provision allegedly requiring Novak, LLP to "reimburse [PSIC] for any and all additional outside expenses" it incurs in securing payment of the deductible is unenforceable and contrary to law, such that Novak, LLP is not obligated to reimburse PSIC for any and all additional outside expense it incurs in securing payment of the deductible.

c. Concerning the request for declaratory relief as to Paragraph 16 of Section VII of the Policy, an order that PSIC be precluded from exercising the language of the policy, in its attempt to collect a $10,000 deductible, such that the obvious effect is to punish Plaintiff and promote litigation and therefore Paragraph 16 of Section VII the Policy should be declared void and unenforceable;

d. Attorney fees; and

e. Any further relief as may be deemed just and proper by this Honorable Court, including punitive damages and all other appropriate damages as well as interest, costs and disbursements of this action.

        Respectfully submitted,

        */s/ Colin P. Sammon*
        Colin P. Sammon (0076011)
        Ritzler, Coughlin & Paglia, Ltd.
        1360 East Ninth Street
        1000 IMG Center
        Cleveland, OH 44114
        216.241.8333 Phone
        216.241.5890 Fax
        csammon@rcp-attorneys.com

        *Attorney for Plaintiff*

Case: 1:18-cv-00087-PAG Doc #: 1 Filed: 01/11/18 11 of 13. PageID #: 11

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/ Colin P. Sammon*
Colin P. Sammon (0076011)

*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was filed through the E-filing System this 10th day of January 2018.

*/s/ Colin P. Sammon*
Colin P. Sammon (0076011)

*Attorney for Plaintiff*